UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

IN RE:

GARVIN, JEFFREY & MONICA           CASE NO: 10-65435
                                                         CHAPTER: 13
                                                         JUDGE:     Shefferly

     **Debtor(s)**                           /
GARVIN, JEFFREY & MONICA
                 **Plaintiff,**
v.                                                           Adv Proc. No. 10-06593

CITIMORTGAGE INC.
                 **Defendant.**
_____/

## **DEFAULT JUDGMENT**

Plaintiff having filed a Complaint to Avoid Security Interest in Real Property, Defendant having been served and a Default having been entered and the Court being fully appraised on the premises and pursuant to Fed. R. Civ. P. 55(b)(1), as incorporated by Fed. R. Civ. P. 7055,

IT IS ORDERED that upon completion of the debtor's Chapter 13 plan and entry of a Chapter 13 discharge order in bankruptcy case number 10-65435, the mortgage ("CitiMortgage") dated February 1, 2006, covering the following described property ("33007 Brookside Court, Livonia, MI 48152) situated in the City of Livonia, County of Wayne, State of Michigan, and further described as follows:

> UNIT 90 BROOKSIDE OF LIVONIA CONDOMINIUMS T1S R9E
> WAYNE COUNTY CONDO PLAN #749 LIBER 39736 PAGES 4-52
> WCR

Recorded in the Wayne County Register of Deeds on March 20, 2006, Liber 44287, Page 1259 will be stripped from the Property and discharged.

IT IS FURTHER ORDERED the upon completion of the debtor's Chapter 13 plan and the entry of a Chapter 13 discharge order in bankruptcy case number 10-65435, the debtor may record a certified copy of this order, with a copy of the debtor's chapter 13 discharge order attached, with the Wayne County Register of Deeds, which will constitute and effectuate the discharge of the Mortgage.

IT IS FURTHER ORDERED that if the debtor fails to complete debtor's Chapter 13 plan and obtain a Chapter 13 discharge order in bankruptcy case number 10-65435, this order does not affect the validity or enforceability of the Mortgage and may not be used in any subsequent bankruptcy case of the debtor either to compel the holder of the Mortgage to execute a discharge of the Mortgage, or to otherwise act as a discharge of the Mortgage.

.

**Signed on October 18, 2010**
                                       **___ _/s/ Phillip J. Shefferly _ __**
                                       **Phillip J. Shefferly**
                                       **United States Bankruptcy Judge**